FILED
Jeffrey A. Apperson, Clerk
NOV 0 9 2006
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-359-H

RODNEY T. MOPPINS                                                                           PLAINTIFF

V.

CSX TRANSPORTATION, INC.                                                          DEFENDANT

## JURY INSTRUCTIONS

**Members of the Jury**, now that you have heard all of the evidence and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence. Do not single out one instruction alone as stating the law but you should consider the instructions as a whole. Nor should you be concerned with the wisdom of any rule of law stated by the Court. You must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls. The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you. You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given to the testimony of each witness. In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

The rules of evidence permit a witness who by education and experience has become expert in any art, science, or profession to state an opinion and the reasons for such an opinion. You should consider this evidence and give it such weight as you, in the application of your common sense, may think it deserves. If you should conclude that the reasons given by the expert witness in support of an opinion are not sound, or that the opinion is outweighed by other credible evidence in the case, or by the opinion of some other expert, then you may reject the opinion of such expert in whole or in part.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

In this case it is Plaintiff's responsibility to persuade you that his claim is more likely true than not. If Plaintiff fails to persuade you on every essential element of his claim, then you should find for Defendant on that claim.

## INSTRUCTION NO. 1

In this case, Plaintiff, Rodney Moppins' claims are asserted under the Federal Employers Liability Act, which provides that:

> Every common carrier by railroad...shall be liable in damages to any person suffering injury...resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

This statute requires Defendant, CSX Transportation, to use reasonable care under the circumstances to maintain and keep a reasonably safe work environment for its employees. Defendant's duty to use reasonable care includes a duty to inspect the workplace.

This does not mean that Defendant must *guarantee* an employee's work-safety. The mere fact that Plaintiff suffered an accident on the job, standing alone, does not require you to conclude that Defendant is at fault. Instead, you may find for Plaintiff only if Defendant failed to exercise ordinary care under the circumstances to see that Plaintiff's workplace was reasonably safe. In this case, Plaintiff claims that Defendant is at fault for injuries he sustained when he tripped over a stair that was not reasonably safe under the circumstances.

**Under Question #1 of the Verdict Form, to find for Plaintiff, you must believe from the evidence that:**

(1) **Defendant did not exercise reasonable care in these circumstances; and**

(2) **Defendant's failure to exercise reasonable care caused Plaintiff's injuries.**

3

**If you find true both of these statements, record your verdict for "Plaintiff" under Question #1 and continue to Instruction No. 2. If you do not find true one or both of these statements, record your answer for "Defendant" under Question #1, and return to the courtroom.**

In answering these questions, consider the following definitions. Defendant's duty to exercise reasonable care includes the duty to provide Plaintiff with a reasonably safe place to work. The extent of Defendant's duty was to exercise reasonable care under the circumstances to see that the place in which the work is to be performed is reasonably safe. Exercising reasonable care may consist either in *doing* something that a reasonably careful person would *not* do under like circumstances, or in *failing to do* something that a reasonably careful person *would do* under like circumstances.

For the purposes of these instructions, "cause" means that Defendant's failure to exercise reasonable care caused, either in whole or in part, Plaintiff's injuries. Thus, if you determine that Defendant's failure to exercise reasonable care contributed in any way toward Plaintiff's injuries, even though Plaintiff's actions or other causes may have combined with Defendant's conduct to bring about his injuries, then you must find for Plaintiff on that element.

## INSTRUCTION NO. 2

Plaintiff had a duty to exercise reasonable care for his own safety. Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. The Federal Employers' Liability Act provides in part:

> In all actions...brought against any...common carrier by railroad...to recover damages for personal injuries to an employee,...the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee.

**Under Question #2 on the Verdict Form, if you find from the evidence that Plaintiff failed to exercise reasonable care for his own safety and that such failure contributed in whole or part to his own injury, answer "Yes" on Question #2. Otherwise, record your answer as "No." If your answer is "Yes," proceed to the next question.**

**Under Question #3 on the Verdict Form, determine the percentage of fault attributable to both Plaintiff and Defendant. Record your answer in Question #3. The total of the two fault percentages must equal 100.**

Now proceed to Instruction No. 3.

5

## INSTRUCTION NO. 3

If you find that Defendant's failure to exercise reasonable care caused Plaintiff's injuries, you then must award Plaintiff such sum as you find will fairly and justly compensate Plaintiff for any damages you find he sustained and is reasonably certain to sustain in the future as a direct result of the occurrence described in the evidence. You may consider the following elements of damages:

1. Any past lost wages and benefits suffered by Plaintiff;
2. The present value of any of Plaintiff's future lost wages and job benefits;
3. The physical pain and suffering Plaintiff has experienced and is reasonably certain to experience in the future.

In arriving at the amount of the award to be given to Plaintiff for past lost wages, you should include in your award the reasonable value of the lost income, if any, shown by the evidence in the case to have been necessarily lost up to the present date by Plaintiff since his injury, because of his being unable to pursue his occupation as a result of the injuries on August 20, 2003. In determining this amount, you should consider any evidence of Plaintiff's earning capacity, his earnings, and the manner in which he ordinarily occupied his time before that injury, and find what he was reasonably certain to have earned during the time so lost, had he not been injured.

You may include your award such sums as will reasonably compensate Plaintiff for any pain, suffering and mental anguish already suffered by him resulting from the injury in question, as well as an amount to reasonably compensate Plaintiff for any pain, suffering and mental anguish which you find from the evidence in the case that he is reasonably certain to suffer in the future from the same cause.

Your award, if any, will not be subject to any income taxes, and you should not consider such taxes in fixing the amount of your award, if any. In other words, Plaintiff

will not be required to pay any federal or state income taxes on any amount that you award. When calculating lost earnings, if any, you should consider after-tax earnings.

**Under Question #4 of the Verdict Form, record your award of damages.**

**Under Question #5 of the Verdict Form, multiply the percentage of fault that you attributed to Defendant in Question #3 times the damages you determined in Question #4 and record your calculation under Question #5.**

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the verdict upon which you unanimously agree with respect to each issue in this case; you will then return with your verdict to the courtroom.